VICENTE ZAYAS PIZARRO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent. SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Intervener.

No. 276. Argued July 1, 1952.—Decided August 12, 1952.

*Vicente Zayas Pizarro, pro se. Víctor Gutiérrez Franqui, Attorney General,* and *J. C. Santiago Matos, Assistant Attorneys General,* for intervener. *Orlando J. Antonsanti* and *René Benítez* for Sucn. J. Serrallés and Wirshing & Cia., S. en C., as amici curiae. Leopoldo Tormes García for Sucn. Juan. Torruella Cortada, as *amicus curiae. James R. Beverley* and *E. Rodríguez Lebrón* as *amici curiae,* and *Charles R. Hartzell, Rafael O. Hernández,* and *José L. Novas,* as *amici curiae.*

MR. JUSTICE MARRERO delivered the opinion of the Court.

At the request of petitioner Vicente Zayas Pizarro, we issued a special writ of certiorari under § 6 of Act No. 328 of May 13, 1949 (Sess. Laws, pp. 996, 1004), to review the judgment rendered by the extinct Tax Court of Puerto Rico

on September 5, 1951, upholding the deficiencies determined by the Treasurer and dismissing petitioner's complaint. The only question for determination here is the construction to be given to the words "permanent positions" contained in § 8(c) of Act No. 355 of May 15, 1948 (Sess. Laws, pp. 1208, 1212).

██ In the complaint filed by the petitioner in the Tax Court it is alleged that he owns certain rural properties in the municipalities of Adjuntas and Villalba in which he cultivates and grows sugar cane and in which from February to December 1949, he employed eleven laborers regarded as permanent employees, since they worked for him, regularly and uninterruptedly, during said year's grinding season and upon the termination of said grinding season still worked for him doing cultivation work; that upon liquidating the 5 per cent tax which he was bound to pay on the wages or salaries of the employees utilized in his cane plantations, he excluded the salaries paid to the aforesaid laborers because they were permanent employees; that the Treasurer notified him of deficiencies consisting in his failure to pay the aforesaid 5 per cent on the salaries above mentioned; that he moved for and was denied reconsideration; that said officer is trying to collect the aforesaid tax on permanent positions; and that Regulation No. 1 adopted by the Treasurer to enforce Act No. 355 of 1948, insofar as it requires, in order to consider as permanent, laborers employed in the sugar industry, that their employment be of a stable and continuous tenure as well as that such laborers derive during the year twelve (12) monthly salaries or fifty-two (52) weekly salaries, is void since it is in conflict with the aforesaid Act.

Act No. 355, *supra*, created in the Treasury of Puerto Rico a special fund known as "Employment Security Fund" in which shall be covered all taxes levied by said Act, as well as any other revenues collected or received thereunder for

fines, surcharges or interest. Although originally all workers of the sugar cane industry had to pay a tax into said fund equivalent to 5 per cent of the amount received as wages for the preceding week and the employers of that industry had to withhold the amount of such tax upon paying wages, nevertheless, pursuant to an amendment introduced into Act No. 355 on January 5, 1949, now the obligation to pay the aforesaid 5 per cent lies exclusively with the employers. Pursuant to the provisions of § 8 (c) of the Act, as amended, the word " 'Laborer' shall mean any person who does, performs, or carries out labor in the sugar industry." And "executive, administrative, office, and supervisory employees, (excluding foremen) *those holding permanent positions*, an individual in the employ of his son, daughter, or spouse, and a child under the age of twenty-one (21) years in the employ of his father or mother are excluded from the scope of this definition." (Italics ours.) So far the pertinent provisions of the aforesaid Act No. 355 as regards the case under our consideration.

According to the findings of the lower court, "from February to June 1949, plaintiff employed in his farms dedicated to the planting and cultivation of sugar cane the following laborers: Miguel Coronado, Juan López Cancel, Pablo Plaza, Emiliano Pérez Pabón, Benito Pérez Rosario, Feliciano Pérez Rosario, Emiliano Rosario, José Sepúlveda, Tomás Santiago, Antonio Torres and Carmelo Vélez. From June to December 1949, he employed those same laborers, with the exception of Miguel Coronado who did not work after July and with the exception of Benito Pérez Rosario who likewise did not work during November and December. Miguel Coronado operated a tractor which was used during the grinding season to haul trucks and open roads and at the close of the season it was used in road maintenance. Because the remaining laborers lived on the farm and were nearer, plaintiff provided them with work two or three days

a week during the entire year. They performed different kinds of work; in the cutting of the cane, as waterers, macers, loading trucks, in the plowing, fences, cultivation and other farm chores. The plaintiff stopped computing and paying the 5 per cent tax on the wages received by the aforementioned persons between February and December 1949, considering them permanent employees because he provided them with work in his property during the entire year. None of the aforesaid laborers appears drawing a fixed or basic weekly or monthly amount. Rather, their wages fluctuated from month to month, having been paid as a whole a maximum amount of $699.42 in May and a minimum amount of $107.34 in December 1949." The petitioner does not challenge the preceding findings but he claims that the aforesaid laborers performed work of a permanent nature and that pursuant to the provisions of § 8 (c) of Act No. 355 he is not bound to pay the 5 per cent tax.

In our opinion the words "those holding permanent positions" which appear in § 8 (c), *supra*, can but refer to persons holding stable positions or employments or for an indefinite period of time, and not to those performing temporary or incidental work. In other words, we think that the exclusion contemplated by § 8 (c) is applicable to persons holding employments of an indefinite duration, not to persons who although working for a more or less long period of time, say a year or more, perform during that time work corresponding to different positions.

It is true that the laborers involved herein worked during the entire year,[1] performing, first, certain particular work during the grinding season and doing, subsequently, sporadic work, of different kinds, during two or three days a week. However, none of them held an executive, administrative,

---

[1] This proceeding does not involve the question whether or not the laborers referred to are entitled to the benefits granted by Act No. 356 of 1948. (Sess. Laws, p. 1214.)

office or supervisory position, nor a stable position or employment or one of an indefinite tenure.

■ Section 7 of Act No. 355 authorizes the Treasurer of Puerto Rico to prescribe the necessary rules to enforce the provisions of said Act. Pursuant to the authority thus vested in him, on January 18, 1949, the Treasurer of Puerto Rico, now the Secretary of the Treasury,[2] approved Regulation No. 1, the first Section of which defines the phrase "permanent positions" as "those positions of a stable and continuous tenure in the sugar industry whose incumbents draw during the year either twelve (12) monthly salaries or fifty-two (52) weekly salaries." In view of our foregoing construction of said phrase we can not hold that said Regulation is void because it overlaps the context of the Act. It undoubtedly conforms with the spirit and purpose which prompted the lawmaker to approve Act No. 355, as well as Act No. 356 of May 15, 1948 (Sess. Laws, p. 1214),[3] which establishes employment insurance in the sugar industry of Puerto Rico and which is concomitant thereto. Therefore, the Tax Court acted correctly in dismissing the complaint.

The judgment will be affirmed.

---

[2] See § 6 of Article IV of the Constitution of the Commonwealth of Puerto Rico.

[3] Act No. 356 of 1948 establishes an Employment Security Division in the Department of Labor, the Director of said Division is authorized to grant unemployment benefits not exceeding $3 weekly to each laborer of the agricultural phase of the sugar industry, nor exceeding $5 to each laborer of the industrial phase of said industry. Section 11 thereof, after setting forth what the words "laborer" or "workman" include, expressly states that "executive, administrative, office, or supervisory employees, and those holding permanent positions, are excluded from the scope of this definition."